IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERTA LINDENBAUM,** | **CASE NO. 1:21-CV-00764** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ENERGY SERVICES PROVIDERS, INC.,** d/b/a **OHIO GAS & ELECTRIC, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motion to Strike of Plaintiff Roberta Lindenbaum ("Lindenbaum"). (Doc. No. 7.) Lindenbaum has moved to strike certain affirmative defenses of Defendant Energy Services Providers, Inc., d/b/a Ohio Gas & Electric ("Ohio G&E"). (*Id.*) Ohio G&E opposes Lindenbaum's Motion. (Doc. No. 8.) For the following reasons, Lindenbaum's Motion is GRANTED IN PART and DENIED IN PART.

**I.   Background**

On April 11, 2021, Lindenbaum filed a putative class action against Ohio G&E and John Doe Corporations 1-10, setting forth a single claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. No. 1.) Lindenbaum alleges that Ohio G&E and/or its agents, John Doe Corporations 1-10, placed one unsolicited, pre-recorded phone call to her residential landline telephone. (*Id.* at ¶ 26-32.) Ohio G&E filed its Answer on May 3, 2021. (Doc. No. 4.) In its Answer, Ohio G&E asserted 31 affirmative defenses, 29 of which Lindenbaum moves to strike:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Roberta Lindenbaum because she is the only named

Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

3. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

4. Plaintiff lacks standing to bring this action because she has not suffered an injury-in-fact as a result of any conduct by Defendant.

5. Plaintiff failed to join necessary and/or indispensable parties.

6. Plaintiff is not the real party in interest.

7. The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

8. Plaintiff's claims are barred to the extent she is not a called party within the meaning of the TCPA.

9. Plaintiff's claims are barred because any telephone calls alleged to have violated the TCPA occurred with prior consent.

[. . .]

11. Plaintiff has an established business relationship with Defendant.

12. Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

13. Defendant did not cause any telephone calls to be placed to Plaintiff using an ATDS as that term is defined by 47 U.S.C. §227(a)(1) and applicable law.

14. Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

15. Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

16. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

[. . .]

18. The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the

United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff and the putative class members.

19. Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

20. The Court lacks jurisdiction over the claims of the putative class.

21. The putative class should not be certified because the case would be unmanageable if the classes as defined by the Complaint were to be certified.

22. The putative class should not be certified because common issues of law and fact do not exist as required by Fed. R. Civ. P. 23(a)(2).

23. The putative class should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

24. The putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

25. The putative class should not be certified because common questions of law and fact do not predominate as required by Fed. R. Civ. P. 23(b)(3).

26. The putative class should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

27. A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

28. The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

29. Plaintiff's Complaint should be dismissed because it improperly seeks to certify individualized claims for money relief under Fed. R. Civ. P. 23(b)(2).

30. A class action should not be certified because notice cannot be reasonably sent.

31. A class action should not be certified because the class as defined is an improper fail-safe class requiring individual inquiry about whether each putative class member consented to receive telephone calls.

(Doc. No. 4.)

On May 8, 2021, Lindenbaum moved to strike 29 of Ohio G&E's affirmative defenses, specifically affirmative defenses 1-9, 11-16, and 18-31 (i.e., all of Ohio G&E's affirmative defenses except for numbers 10 and 17). (Doc. No. 7.) Ohio G&E filed a Brief in Opposition to Lindenbaum's Motion on May 24, 2021. (Doc. No. 8.) Lindenbaum did not file a Reply in Support of her Motion. Thus, Lindenbaum's Motion is now ripe for consideration.

## II.     Standard of Review

Fed. R. Civ. P 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court." *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011). However, such motions "are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Indeed, the Sixth Circuit has previously indicated that "the action of striking a pleading should be sparingly used by the courts," "resorted to only when required for the purposes of justice," and "only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "On the other hand, motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *United States v. Pretty Prod., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)).

**III.     Analysis**

Before the Court addresses Lindenbaum's Motion, it will briefly address whether the heightened pleading standard described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) applies to affirmative defenses. The Sixth Circuit has not ruled on this question, and district courts are split on the issue. *See Jam Tire, Inc. v. Harbin*, No. 3:14-cv-00489, 2014 WL 4388286, at *2 (N.D. Ohio Sept. 5, 2014) (collecting cases). The majority of lower courts, however, have held that the *Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses. *Id. See also Sec'y of U.S. Dep't. Labor v. Kavalec, et al.*, No. 19-cv-00968, 2020 WL 1694560, at *4 (N.D. Ohio Apr. 7, 2020).

The Court agrees with the majority approach for several reasons. First, in *Iqbal* and *Twombly*, the Supreme Court was interpreting Fed. R. Civ. P 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which does not apply to affirmative defenses. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555. In addition, a less restrictive standard is supported by important policy considerations:

> Although a plaintiff may have latitude in the timing of the filing of his complaint, Rule 12(a)(1) requires a defendant to respond to it within 21 days. Furthermore, "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). (Citation omitted). A defendant is required to respond to allegations, often very serious allegations, without the benefit of discovery. To apply a plausibility standard to affirmative defenses would place an unrealistic burden on defendants irreconcilable with the plain meaning of Rule 8(c) and the overriding consideration that pleadings "must be construed so as to do justice." Fed.R.Civ.P. (8)(e).

*Jam Tire*, 2014 WL 4388286, at *2. Finally, while the Sixth Circuit has never directly addressed the issue, a less restrictive pleading standard coincides with the Sixth Circuit's general treatment of affirmative defenses, as the Sixth Circuit has held that "[a]n affirmative defense may be pleaded in

general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (citation omitted).

As such, to survive Lindenbaum's Motion to Strike, Ohio G&E's affirmative defenses need only provide Lindenbaum with "fair notice of the nature of the defense." *Id.* "[G]eneral or boilerplate defenses are acceptable, even if they lack factual specificity, so long as it remains possible that the defenses relate to the claim at hand." *Fed. Trade Comm'n v. Stratford Career Inst.*, No. 16-CV-371, 2016 WL 3769187, at *2 (N.D. Ohio July 15, 2016). On the other hand, a defense may be struck as "insufficient if, as a matter of law, the defense cannot succeed under any circumstances or has 'no possible relation to the controversy.'" *Id.* (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822). In other words, if "the relevant legal standard for the defense makes the affirmative defense completely inapplicable, then the defense must be struck." *Id. See also Kavalec*, 2020 WL 1694560, at *4.

For the following reasons, the Court strikes affirmative defenses 4 and 28. The Court declines to strike affirmative defenses 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, and 31.

### 1. Affirmative Defenses 4 and 28

Ohio G&E asserts that Lindenbaum and any putative class members lack standing because none of them have suffered an injury-in-fact as a result of Ohio G&E's conduct. (Doc. No. 4.) However, "[s]tanding is not an affirmative defense that must be raised as risk of forfeiture." *Community First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994). Rather, standing "is a qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court." *Id.* Lack of standing "is not an affirmative defense under federal law." *See Johnson v. City of*

*Saginaw*, No. 17-CV-13174, 2018 WL 6168036, at *3 (E.D. Mich. Aug. 30, 2018) (quoting *DeLage Landen Fin. Servs. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007)). The Court strikes Ohio G&E's affirmative defenses 4 and 28.[1]

### 2. Remaining Affirmative Defenses

The Court declines to strike the remaining affirmative defenses at issue, 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, and 31.

With respect to affirmative defenses 1 and 2, the failure-to-state-a-claim defense may be raised "in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2)(A). An answer is a pleading permitted by Rule 7(a). Thus, Ohio G&E may raise such a defense in its Answer. *See Dynasty Apparel Indus., Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002); *M&C Holdings Del., P'ship v. Great Am. Ins. Co.*, No. 1:20-cv-121, 2021 WL 21447, at *4 (S.D. Ohio Jan. 4, 2021), report and recommendation adopted 2021 WL 426421 (S.D. Ohio Feb. 8, 2021). Accordingly, the Court declines to strike these affirmative defenses.

With respect to affirmative defenses 3, 5, 6, 8, 9, 11, 12[2], 13, 14, 15, 19, 20[3], 21, 22, 23, 24, 25, 26, 27, 29, 30 and 31, the Court concludes that each of these affirmative defenses involve factual determinations best considered on summary judgment, after the completion of fact discovery. *See Lindenbaum v. CVS Health Corp.*, No. 17-cv-1863, 2017 WL 5562072, at *2 (N.D. Ohio Nov. 20, 2017) (concluding same). Further, Lindenbaum fails to demonstrate how these affirmative defenses

---

[1] Although the Court strikes Ohio G&E's affirmative defenses related to standing, the Court retains the authority to raise the issue of standing *sua sponte*. *Community First Bank*, 41 F.3d at 1053.

[2] While a defendant's intent is generally irrelevant when determining liability under the TCPA, a defendant's intent is material when determining whether a defendant willfully and/or knowingly violated the TCPA. *See Alea London, Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011). Lindenbaum seeks both statutory damages *and* treble damages for Ohio G&E's allegedly willful and/or knowing violations of the TCPA. (Doc. No. 1, ¶¶ 73, 74.) Thus, Ohio G&E's intent is implicated in this case.

[3] Moreover, the Court may *sua sponte* review its subject matter jurisdiction at any point, irrespective of whether Ohio G&E raised jurisdiction as an affirmative defense. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

have "no possible relation to the controversy" at hand. *Stratford Career Inst.*, 2016 WL 3769187, at *2. Accordingly, the Court declines to strike these affirmative defenses.

With respect to affirmative defenses 7 and 18, the Court concludes that Lindenbaum "fails to show that they have no possible relation to the controversy." *See Lindenbaum v. CVS Health Corp.*, 2017 WL 5562072, at *2 (rejecting identical arguments in support of striking similar constitutional affirmative defenses). Further, Ohio G&E's failure to comply with L.R. 24.1, Procedure for Notification of Any Claim of Unconstitutionality, does not waive the constitutional issues that Ohio G&E raises in affirmative defenses 7 and 18. *Id.*

With respect to affirmative defense 16, the Court concludes that Lindenbaum seeks both actual *and* statutory damages. (*See* Doc. No. 1, Prayer for Relief, ¶ B, "An award of *actual and statutory damages . . .* ," emphasis added.) Therefore, Ohio G&E's affirmative defense that Lindenbaum suffered no actual damage should not be stricken.

## IV. Conclusion

For the reasons set forth above, Lindenbaum's Motion to Strike is GRANTED IN PART and DENIED IN PART. The Court grants Lindenbaum's Motion to Strike Ohio G&E's affirmative defenses 4 and 28. The Court denies Lindenbaum's Motion to Strike Ohio G&E's affirmative defenses 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, and 31.

**IT IS SO ORDERED.**

Date: July 19, 2021

                                               *s/Pamela A. Barker*
                                               PAMELA A. BARKER
                                               U. S. DISTRICT JUDGE